Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 108 | **DATE** | 11/30/2011 |
| **CASE TITLE** | Plantan vs. Truman College | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to alter judgment [101] is denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

    Richard Plantan, a white college professor, filed a reverse discrimination suit against his employer, Harry S. Truman College (one of the City Colleges of Chicago). On October 28, 2011, the Court granted summary judgment to the College, finding that Plantan had no evidence that the College discriminated against him. On November 25, 2011, Plantan filed a Rule 59(e) motion, asserting that the Court misstated various facts in its opinion. For the below reasons, Plantan's motion (Doc. 101) is denied.

    A motion to alter or amend the judgment pursuant to Rule 59(e) allows the movant to bring to the Court's attention manifest errors of law or fact or newly discovered evidence. *See United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010). A Rule 59(e) motion is not a "vehicle for a party to undo its own procedural failures, and it certainly does not allow a party introduce new evidence or advance arguments that could have and should have been presented to the district court prior to the judgment." *Id.*

    Without reciting the voluminous facts of the case, Plantan asserted, in an affidavit and also at his deposition, that he had been "enhanced"—or put on notice of a deficiency in his teaching— beginning in 1999. (*See* Op. at 4; Plantan Dep. at 27; Doc. 83 at 40.) In his motion, Plantan cites to an unsworn "statement" dated June 2011 by Thomas Karabatsas, a member of the committee that enhanced Plantan, stating that "at no time was a vote taken by the committee to enhance Mr. Plantan" and "at no time did I engage in enhancement recommendations for Mr. Plantan." (*See* Doc. 101-1; Doc. 83 at 43.) Plantan suggests that there is a dispute of fact as to whether Plantan was enhanced in 1999 based on this statement, and it is evidence that there was something "fishy" about his firing based on this statement, citing the Court's opinion in *Sendra v. Potter*, 09 C 884, 2011 WL 226921 (N.D. Ill. June 9, 2011). Plantan submitted the statement in support of its motion for summary judgment, and the Court properly refused to consider it for a number of reasons. First of all, it directly conflicts with Plantan's own sworn statements, both at his deposition and in his affidavit in support of his summary judgment papers, that he was enhanced in 1999. Further, to the extent

| STATEMENT |
|---|

that Plantan suggests that the statement means the committee enhanced Plantan without going through its proper procedures or for some other purpose, it is not competent evidence. The statement is unsworn, hearsay and not authenticated.

In addition, Plantan asserts the Court improperly concluded that Plantan had not put forth any evidence that all of the members of the committee deciding on the enhancement were not white. Plantan asserted that some of members involved in the decision were not white, but he never established in his Rule 56.1 statement that all the members were not white. There is a difference between the two. In any event, Plantan testified that in his deposition that at lease one of the decision makers was white. (*See* Op. at 23-24.) Plantan has not identified any manifest errors of fact in his Rule 59(a) motion and it is denied.