# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 108 | **DATE** | 12/19/2011 |
| **CASE TITLE** | Plantan vs. Harry S. Truman College | | |

**DOCKET ENTRY TEXT**

The Court orders the Plaintiff to pay the Defendant $2,519.40 in costs.

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

On October 28, 2011, this Court granted the Defendant, the Board of Trustees of Community College District #508, improperly sued as Harry S. Truman College, summary judgment against the Plaintiff, Richard Plantan. (Doc. 98). The Defendant subsequently filed a bill of costs to recover for expenditures made in defending the motion. (Doc. 100). The Plaintiff objects to certain items in the Defendant's bill of costs. (Doc. 104). In particular, the Plaintiff argues that he should not have to pay for court reporter attendance fees or for mini-scripts and litigation support disks.

This Court reviews a bill of costs for reasonableness. *See Scott v. Ill. Youth Ctr. Joliet*, No. 09 C 1633, 2011 WL 586408, *1 (N.D. Ill. Feb. 9, 2011). The burden of proving the reasonableness of the hours worked and the hourly rate claimed lies with the party seeking the fee award. *Id.* (citing *Spegon v. Catholic Bishop Of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999). A reasonable rate is one that is in line with the prevailing market rate for similar legal services. *Id.*

Pursuant to Federal Rule of Civil Procedure 54, the prevailing party may recover court reporter attendance fees as part of the reasonable costs of defending the lawsuit. *See Extra Equip. v. Case Corp.*, 541 F.3d 719, 727 (7th Cir. 2008); *Fagbemi v. Spatz*, No. 08 C 3736, 2010 WL 3522946, *2 (N.D. Ill. Sept. 2, 2010). The district court has the discretion to grant attendance fees so long as they are sufficiently documented and reasonable. *See Extra Equip.*, 541 F.3d at 727. Here, the Defendant has sufficiently documented the rate that their court reporter charged for attending the depositions. The attendance fee the Defendant submitted is $144 for three hours of work, resulting in an hourly rate of $48. This Court has previously found attendance fees of $50 per hour to be reasonable. *See Fagbemi*, 2010 WL 3522946 at *2; *see also Benuzzi v. Board of Ed. of City of Chicago,* No. 09 C 3510, 2010 WL 3038101, *1 (N.D. Ill. July 20, 2010) (holding $55 per hour in attendance fees to be reasonable and recoverable). Therefore, the Defendant's request for court reporter fees is reasonable and the Plaintiff must pay for this cost.

**STATEMENT**

The request for the costs of mini-scripts and litigation support disks, however, are not recoverable unless the Defendant can prove that these tools were reasonably necessary for the litigation and not merely for convenience. *See Ochana v. Flores*, 206 F.Supp.2d 941, 945 (N.D. Ill. 2002). The Defendant did not respond to the Plaintiff's argument that these costs are unreasonable, nor do they argue that they were necessary to the litigation. As was previously stated, it is the burden of the party requesting fees to show that they are reasonable. *See Scott,* 2011 WL 586408 at *1 (citing *Spegon,* 175 F.3d at 550). The great weight of authority in this District holds that costs for mini-scripts and diskettes are not recoverable. *See, e.g., Camp v. Centrue Bank,* No 08 C 4020, 2011 WL 2581751 (N.D. Ill. June 28, 2011); *Bodum USA, Inc. v. La Cafetiere, Inc.* No 07 C 6302, 2009 WL 1702808 (N.D. Ill. June 17, 2009); *BASF AG v. Great American Assur. Co.,* 595 F.Supp.2d (N.D. Ill. 2009); *Vito & Nick's, Inc. v. Barraco*, No. 05 C 2764, 2008 WL 4594347 (N.D. Ill. Oct. 10, 2008 ); *Spears v. Local No. 134, Intern. Broth. of Elec. Workers*, No. 04 C 7040, 2006 WL 2349975 (N.D. Ill. Aug. 10, 2006). Therefore, the Defendant's request for the cost of mini-scripts and litigation support disks is not recoverable and the Plaintiff does not have to pay the $463 associated with these items.

Finally, the Plaintiff argues that the bill of costs should be stayed pending appeal but he fails to present any compelling reason why this should be the case. First, there is no current appeal in this case. But even if there were an appeal pending or if the Plaintiff will be filing an appeal, in this Circuit costs are appealable separately from the merits and a district court may award costs even when an appeal on the merits is pending. *See Kusay v. United States*, 62 F.3d 192,194 (7th Cir. 1995); *Lorenz v. Valley Forge Ins. Co.,* 23 F.3d 1259, 1260 (7th Cir. 1994). This Court has held that similar requests may be well-taken when special circumstances warrant a stay, but the Plaintiff has not provided the Court with anything in fact or law verging on the special or extraordinary circumstances required to invoke a stay. *See Fagbemi*, 2010 WL 3522946 at *4. Instead, the Plaintiff merely recites the proposition that the Court has the authority to grant a stay and cites to two cases holding the same. However, the great weight of authority in this Circuit supports the proposition that the more prudent and advisable course of action is to award costs and not grant a stay pending appeal. *See, e.g., Pismco, Inc. v. Shell Oil Co.,* 799 F.2d 262, 265 (7th Cir. 1986); *Terket v. Lund,* 623 F.2d 29, 34 (7th Cir. 1980); *Anheuser-Busch, Inc. v. Schnorf,* No. 10 C 1601, 2011 WL 9798, *2 (N.D. Ill. Jan. 3, 2011); *Fitts v. Village of Grant Park*, No. 09 C 2323, 2011 WL 811456, *2 (C.D. Ill. March 1, 2011); *Barton v. Zimmer, Inc.,* No. 06 C 208, 2010 WL 2541707, *1 (N.D. Ind. June 16, 2010). It is far more expedient to award the Defendant costs now, and it will economize on judicial resources by saving the Seventh Circuit from having to decide piecemeal first the appeal on the merits and then any appeal arising out of the award of costs. By awarding costs now, any appeal that might arise will be consolidated with an appeal on the merits. This is the Seventh Circuit's preferred course of conduct. *See Barrington Press, Inc. v. Morey*, 816 F.2d 341, 343 (7th Cir. 1987) ("...it would have been more efficient for the district court to determine the amount of the fee promptly, so that an appeal could have been taken and consolidated with the appeal from the judgment."). Therefore, the Defendant is entitled to the entire amount of costs it seeks from the Plaintiff, less the $463 for mini-scripts and litigation support disks. The Court orders the Plaintiff to pay the Defendant $2,519.40 in costs.